HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY and CITIES INSURANCE ASSOCIATION OF WASHINGTON,<br><br>                Plaintiffs,<br><br>   v.<br><br>PIERCE MANUFACTURING INC.,<br><br>                Defendant. | CASE NO. C15-5705-RBL<br><br>ORDER RE CROSS-MOTIONS FOR SUMMARY JUDGMENT<br><br>DKT. ##19, 24 |

      THIS MATTER is before the Court on the parties' cross-motions for summary judgment. [Dkt. ##19, 24]. Plaintiffs St. Paul Fire and Marine Insurance Company and Cities Insurance Association of Washington (Insurance Companies) argue Defendant Pierce Manufacturing breached its contract with their insured, East Pierce Fire & Rescue (Fire Department), by refusing to defend the Fire Department in an action brought by a firefighter injured on a truck built by Pierce. *See* Dkt. #19. Pierce argues it had no duty to indemnify and defend the Fire Department after it delivered the truck. *See* Dkt. #24.

1         In 2006, the Fire Department opened the bidding process for two new fire trucks. It had hundreds of design specifications, including a request for an aluminum tread plate crosslay cover, designed to house the trucks' crosslay hoses. The bid contract also included an indemnification and insurance clause:

> The [Manufacturer] shall indemnify and save the [Fire Department] harmless from any and all claims, liability, losses and causes of action [that] *may arise out of the fulfillment of this agreement.* The [Manufacturer] shall pay all claims and losses of any nature whatever in connection therewith, and shall defend all suits, in the name of the [Fire Department] when applicable, and shall pay all costs and judgments [that] may ensue thereafter.

Dkt. #20 Ex. A (Contract) at 97 (emphasis added). Pierce Manufacturing won the bid and delivered two fire trucks, each with an aluminum treadplate crosslay cover.

        In 2008, an East Pierce firefighter, Kevin Roorda, was injured on the job when he fell through a crosslay cover on top of one of the trucks. He fell several feet to the ground. *See* Ex. B. (Roorda Complaint) at 2. He sued the Fire Department and Pierce Manufacturing in Pierce County Superior Court. Roorda claimed the Fire Department negligently designed, manufactured, and retained the crosslay cover and negligently failed to train, supervise, and warn its employees about its limitations, and Pierce designed and manufactured an unreasonably unsafe/defective product. *Id*. at 7.

        The Fire Department thrice demanded Pierce defend it against Roorda's claims, arguing Pierce was obligated to do so under the bidding contract's indemnity and insurance provision. Pierce denied the Fire Department's first tender of representation on May 10, 2012, and denied each subsequent tender. It argued it only had an obligation to indemnify the Department where it had failed to comply with the Department's specifications, but here it used aluminum treadplate as required. In its third tender letter, the Fire Department argued Pierce had no excuse to

continue refusing representation because (on April 5, 2013) the Court had dismissed Roorda's claims that the Fire Department negligently trained and supervised its employees, leaving only his claims that the Fire Department or Pierce negligently designed and manufactured the crosslay cover. Pierce repeated its argument that the Fire Department was responsible for the cover's design, which it followed, so it would not defend or indemnify the Department.

The Superior Court concluded the Department did not qualify as a product manufacturer or seller within Washington's Product Liability Act, and so dismissed it from the case. A jury returned a $595,000 verdict against Pierce, finding it 60% at fault and Roorda 40% at fault. Rather than appeal, Pierce and Roorda settled.

The Department claims it incurred $362,815.11 in costs and fees, paid by its insurance providers: St. Paul and Cities (who are also its assignees). The Insurance Companies are suing Pierce for these costs and fees, claiming Pierce breached its contractual duty to defend the Fire Department in the *Roorda* case. It argues the bidding contract required Pierce to defend and indemnify it from all actions arising from the manufacture and design of the two fire trucks that Pierce built. Pierce brings a cross-motion for summary judgment, arguing it only had to defend and indemnify the Department until it delivered the fire trucks, and it did not have to defend the Department for its use of the truck. This case turns on the meaning of contract's indemnity and insurance provision, specifically the phrase "arise out of the fulfillment of this agreement." Dkt. #20 Ex. A (Contract) at 97.

## I. DISCUSSION

**A.     Standard of Review**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

1  movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether
2  an issue of fact exists, the Court must view all evidence in the light most favorable to the
3  nonmoving party and draw all reasonable inferences in that party's favor. *See Anderson v.*
4  *Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *see also Bagdadi v. Nazar*, 84 F.3d 1194,
5  1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence
6  for a reasonable factfinder to find for the nonmoving party. *See Anderson*, 477 U.S. at 248. The
7  inquiry is "whether the evidence presents a sufficient disagreement to require submission to a
8  jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52.
9  The moving party bears the initial burden of showing no evidence exists that supports an element
10 essential to the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once
11 the movant has met this burden, the nonmoving party then must show the existence of a genuine
12 issue for trial. *See Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the
13 existence of a genuine issue of material fact, "the moving party is entitled to judgment as a
14 matter of law." *Celotex*, 477 U.S. at 323–24. Only the meaning of the contract's insurance and
15 indemnity provision and the amount of damages are in dispute.

16 **B.     Insurance and Indemnity Contract Provision**

17        The Insurance Companies argue Pierce had a duty to defend the Fire Department against
18 all lawsuits arising out of the contract's fulfillment, such as claims that the fire trucks'
19 manufacturing and design defects caused a firefighter's injuries. Pierce counters that it only had
20 to defend claims related to completion of the manufacturing process, until it delivered, and the
21 Department accepted, the fire trucks. Alternatively, it argues that the provision's language is
22 ambiguous, and so the Court should construe the provision against the Department, the drafter.

1         The contract required Pierce to indemnify and defend the Department on all claims

2 "aris[ing] out of [its] fulfillment." Dkt. #20 Ex. A (Contract) at 97. A contract is fulfilled when it

3 is complete. To complete the agreement, Pierce needed to build and deliver two fire trucks. An

4 action questioning the reasonableness of the trucks' design and manufacture therefore naturally

5 arises out the parties' contract. Claims that the Department was negligent in its use of the truck

6 or in how it supervised and trained its employees do not. Pierce had a duty to indemnify and

7 defend the Fire Department only against design and manufacturing claims, and this duty began—

8 not ended—when it delivered the trucks.

9         The provision makes little to no temporal sense otherwise, because claims regarding the

10 trucks' design and manufacture could not have been brought against the Fire Department until it

11 possessed the trucks. It would not need indemnification against a claim that no one could

12 plausibly bring. If the parties had intended to indemnify the Department only until the trucks'

13 delivery, the contract would have said: Pierce shall indemnify and save the Department harmless

14 from any and all claims, liability, and losses that may arise *during* fulfillment of this agreement.

15         Moreover, in its letter rejecting tender of representation, Pierce acknowledged that it has

16 a duty to indemnify and defend the Department without temporal limitation. It argued there that

17 the indemnity provision serves "to protect [the Department] from claims of liability that arise out

18 of Pierce Manufacturing's failure to comply with the specifications for the two engines." Dkt. 20

19 Ex. E. (Letter) at 7. Pierce did not limit its earlier interpretation of its duty to instances where it

20 failed to comply with the Department's specifications pre-delivery. Notably, this interpretation

21 flies in the face of the contract's plain terms as well, because the contract does not tie Pierce's

22 duty to defend on whether it complied with the Department's specifications. Even if the contract

did have such limiting language, the Superior Court already decided Pierce, not the Fire Department, was liable to Roorda on his unreasonable design and manufacture claims.

Pierce had a contractual duty to defend the Fire Department against all products liability actions regarding the two trucks Pierce built. Pierce breached this duty beginning on May 10, 2012, when it first refused to defend the Department against Roorda's design and manufacturing claims.

**C.     Damages**

The Insurance Companies seek three types of damages: the $362,815.11 in costs and attorneys' fees it paid in the underlying case; prejudgment interest at a rate of 12% per annum running from the date Pierce first refused to defend the Department; and *Olympic Steamship* attorneys' fees that it incurred in bringing this action.

The Court cannot determine the amount of damages on this motion for summary judgment. First, Pierce is not responsible for the costs and fees the Insurance Companies spent defending against claims that the Fire Department acted negligently. The Companies have not provided with the Court with enough information to calculate this reduction. Their request for costs and fees spent defending the Department in the *Roorda* case is GRANTED, but the amount awarded cannot yet be determined.

Second, Pierce does not owe the Insurance Companies prejudgment interest. In federal diversity cases, prejudgment interest is governed by state law. *See Fidelity Federal Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004). Under Washington law, prejudgment interest is only able to be awarded: (1) when an amount claimed is "liquidated" or (2) when the amount of an "unliquidated" claim is for an amount due upon a specific contract for the payment of money, and the amount due is determinable by computation with reliance to a fixed standard

1  contained in the contract without reference to opinion or discretion. *See Litho Color, Inc. v.*
2  *Pacific Employers Ins. Co.*, 98 Wash. App. 286, 300–301 (1999).

3  Neither condition is satisfied. The money the Insurance Companies spent defending the
4  Fire Department was not liquidated, and the amount due was not fixed, as the discretion the
5  Court will need to exercise when reducing the amount of fees and costs owed from the *Roorda*
6  case evidences. The Companies' request for prejudgment interest is DENIED.

7  Third, the Insurance Companies have not shown that they are owed attorneys' fees and
8  costs for bringing this case. The contract between the Fire Department and Pierce did not include
9  a fees provision. Also, among other concerns, Pierce is not an insurance company, the parties'
10 indemnity and insurance contract is not an insurance policy, and there is no evidence of the
11 disparate bargaining power that rationalizes *Olympic Steamship* fee shifting. *See Olympic S.S.*
12 *Co. v. Centennial Ins. Co.*, 117 Wash.2d 37, 52, 811 P.2d 673, 681 (1991). The Insurance
13 Companies' entitlement to fees in pursuing this litigation under *Olympic Steamship* is denied
14 without prejudice.

## II.     CONCLUSION

16 Pierce breached its contractual duty to indemnify and defend the Fire Department against
17 all claims regarding the fire trucks' design and manufacture. The Insurance Companies have not
18 provided the Court with sufficient information for it to calculate damages, however. The
19 Insurance Companies' Motion for Summary Judgment [Dkt. # 19] on their claim that Pierce
20 breached its duty to the Department is GRANTED. Their request for attorneys' fees and costs
21 spent in the *Roorda* case is GRANTED, but the amount awarded has yet to be determined. Their

request for prejudgment interest is DENIED, and their request for *Olympic Steamship* fees is DENIED without prejudice. Pierce's Motion for Summary Judgment [Dkt. # 24] is DENIED.

IT IS SO ORDERED.

Dated this 27th day of December, 2016.

Ronald B. Leighton
United States District Judge