HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | CASE NO. C15-5705-RBL |
| Plaintiff, | ORDER RE MONIES OWED |
| v. | |
| PIERCE MANUFACTURING INC., | DKT. #42 |
| Defendant. | |

THIS MATTER is before the Court on Plaintiffs St. Paul Fire and Marine Insurance Company and Cities Insurance Association of Washington's Motion for Summary Judgment [Dkt. #42]. The Insurance Companies bring their motion to support the only remaining issue in the case: whether Defendant Pierce Manufacturing owes them $349, 944.61 in restitution for costs and fees they incurred defending against claims that a fire truck built by Pierce suffered from design and manufacturing defects.

In an earlier motion, the Insurance Companies argued Pierce breached its duty to defend their insured, East Pierce Fire & Rescue (a fire department), against claims brought by its employee, Roorda. The Insurance Companies sought $362,815.11 in total damages, claiming Cities paid the first $100,000 in defense costs, and St. Paul paid $253,196.11. (They never

1   explained the source of the additional $9,619.00 they were requesting.) The Court determined

2   Pierce had to indemnify and defend the Fire Department against Roorda's claims regarding the

3   trucks' design and manufacture only—not also against his claims that the Fire Department had

4   acted negligently. *See* Dkt. #41 (Order Granting Insurance Companies' Motion for Summary

5   Judgment on Liability but Reserving Judgment on the Amount of Damages Owed). The Court

6   concluded Pierce breached this duty, but did not award damages because the Insurance

7   Companies had not provided an itemized list of how they incurred their costs and fees in the

8   underlying allegation, such that the Court could not deduct the costs and fees they spent

9   defending against the negligence claims.

10        The Insurance Companies now request $349, 944.61 for defense of the design and

11   manufacturing defect claims.[1] (They claim only $12,870.50 was spent defending against the

12   negligence and other claims.) Pierce argues the Insurance Companies grossly exaggerate the

13   amount owed by (1) failing to consider whether they would have incurred certain costs and fees

14   even if there were no products liability claim and by (2) including costs and fees incurred before

15   the Insurance Companies tendered defense of the case and those incurred in bringing this case.

16   Pierce argues the Insurance Companies only spent $172,674.99 defending against Roorda's

17   products liability claims, and they have provided no evidence that they even paid this bill. The

18   Insurance Companies reply they paid for all defense costs in the underlying lawsuit, and it is the

19   Court's prerogative to determine how much of a "haircut" to apply to their fee request.

20

21   _____

22        [1] Pierce also asks the Court to strike the Insurance Companies' motion as untimely,
     because they filed it after the dispositive motions deadline. After deciding liability, the Court
23   requested additional information to calculate the Insurance Companies' damages award. It is
     specious to suggest the Court cannot extend its own deadlines. Pierce's request to strike is
24   DENIED.

1    When evaluating the number of hours reasonably expended, a court must generally

2    segregate time spent on successful claims from hours spent on unsuccessful claims, covered

3    claims from un-covered claims, duplicated effort, and productive time from unproductive time.

4    *See Supervalu Holdings v. Morris*, No. C09-5351BHS, 2011 U.S. Dist. LEXIS 20351, at *9

5    (W.D. Wash. Feb. 17, 2011) (citing *Hume v. American Disposal Co.*, 124 Wn. 2d 656, 673, 880

6    P.2d 988 (1994)).

7    The Fire Department tendered defense to Pierce on February 9, 2012. The trial court

8    granted the Fire Department's motion to dismiss Roorda's negligence claims on April 5, 2013,

9    leaving only his products liability claims. The case was resolved on June 26, 2013.

10    Between February 2012 and April 2013, the Fire Department spent approximately

11    $120,000. Approximately 1/3 of this amount was spent defending against Roorda's negligence

12    claims, and approximately 2/3 was spent defending against his products liability claims. The

13    Insurance Companies can recover $80,000 for the costs and expenses incurred regarding the

14    products liability claims. Between April 5 and June 26, the Fire Department incurred

15    approximately $170,000—an amount the Insurance Companies may recover entirely because it is

16    solely attributable to Roorda's products liability claims. The Insurance Companies may not

17    recover the costs and expenses they incurred after resolution of the underlying case. Pierce owes

18    //

19    //

20    //

21    //

22    //

23

24

1  the Insurance Companies $250,000 in reimbursement for the fees and costs they incurred

2  defending the Fire Department against Roorda's products liability claims.

3          IT IS SO ORDERED.

4          Dated this 3rd day of February, 2017.

5

6          _____

7          Ronald B. Leighton
           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24